IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-61-FL

| | |
|---|---|
| GWENISSE DURHAM RODWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's application, filed pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis*. The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Given Plaintiff's current financial status, as indicated by her financial affidavit, Plaintiff has failed to demonstrate that payment of the required court costs would deprive her of "the necessities of life." Although Plaintiff did not provide the court with information concerning her current income and the total average household expenses do not match the itemized expenses, her application indicates that during the past twelve months her monthly household income exceeded her itemized monthly household expenses by approximately $2,300 per month.

Accordingly, it is RECOMMENDED that Plaintiff's application be DENIED and that Plaintiff be given until **March 9, 2017**, to pay the requisite filing fee or to file a revised application to proceed in forma pauperis evidencing her inability to pay the filing fee.

The undersigned notes that the application submitted by Plaintiff is not on the form approved by this court. The clerk is directed to provide Plaintiff's counsel with a copy of the correct form to be completed should Plaintiff desire to submit a revised application for the court's consideration.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **February 21, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the

Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 6th day of February 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge